# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20697

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2015

Lyle W. Cayce
Clerk

SHAN KOVALY,

　　　　　Plaintiff–Appellant

versus

WAL-MART STORES TEXAS, L.L.C.,

　　　　　Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2599

Before KING, SMITH, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

　　　Shan Kovaly appeals a summary judgment on his tort claims against Wal-Mart Stores Texas, L.L.C. ("Wal-Mart"), complaining of the exclusion of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20697

his expert witness under Federal Rule of Evidence 702. Because the expert's opinion on the standard of care was sufficiently reliable to pass the district court's gatekeeping assessment, Kovaly has offered evidence sufficient to survive summary judgment, and we reverse and remand.

I.

After entering the hospital in August 2012 complaining of chest pains, Kovaly was discharged two days later with several prescriptions, which he attempted to fill at a Wal-Mart pharmacy the next day. But the prescribing physician had left blank the line on which he should have written the drug quantities, so the pharmacist (who apparently had been on the job for only four days) did not fill the prescriptions, thinking they were invalid without any quantity shown. Instead, both the pharmacist and Kovaly tried unsuccessfully (maybe because it was Labor Day weekend) to contact Kovaly's doctors. Finally, four days later, the prescribing physician contacted the pharmacy with the quantities for each prescription, and the pharmacist filled them.

The same day, Kovaly suffered a medical complication and was readmitted to the hospital before he could pick up his prescriptions. He sued Wal-Mart in state court for negligence and gross negligence,[1] alleging that its failure to provide him with a 72-hour emergency supply of the prescriptions when his doctor could not be reached caused him harm. Wal-Mart removed the case to federal court.

To establish Wal-Mart's negligence, Kovaly engaged an expert, Bennett Brooke, to give opinion testimony on the standard of care for pharmacists, as

---

[1] As the district court observed, negligence and gross negligence are interrelated claims. "A finding of negligence is a prerequisite to a finding of gross negligence." *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 789 (Tex. App.—Dallas 2013, no pet.).

No. 14-20697

Texas law generally requires.[2]  Brooke is a licensed Texas pharmacist with significant experience as a pharmacy owner, state compliance officer, and pharmacy-college instructor.  He issued two written expert opinions on the community standard of care for pharmacists, as well as an affidavit, concluding that the pharmacist had a duty to provide a 72-hour emergency supply to Kovaly and breached that duty.  Wal-Mart disagreed, contending that the 72-hour duty applies only to renewal prescriptions, not new ones.  Wal-Mart challenged Brooke's expert opinion in a motion to exclude and also moved for summary judgment, both of which the district court granted.

## II.

This case turns on whether the district court abused its discretion in excluding Brooke as an expert witness because, without an expert, Kovaly's claim fails.  *See Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 535 (5th Cir. 2013).  Although Texas substantive law applies, the Federal Rules of Evidence govern the admission of expert testimony in federal court.  *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

When seeking to introduce expert testimony, the offering party must show "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  *Id.* (internal quotation marks omitted)*; see also* FED. R. EVID. 702.  The district court serves a gatekeeping function, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (internal quotation marks

---

[2] *See Quijano v. United States*, 325 F.3d 564, 567–68 (5th Cir. 2003) ("Expert testimony is generally required to prove the applicable standard of care.") (citing *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977)).

omitted). The court does so by making "a preliminary assessment of whether the reasoning or methodology underlying the testimony is [ ] valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579, 592–93 (1993). There must be "an adequate 'fit' between the data and the opinion proffered."[3] And if the expert lacks "some objective, independent validation of his methodology," it is not helpful to the factfinder and should be excluded. *Brown*, 705 F.3d at 536 (internal quotation marks and alterations omitted).[4]

Yet the district court's gatekeeping role is no substitute for the adversarial system. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. A *Daubert* hearing should not be transformed into a full merits trial. *Pipitone*, 288 F.3d at 250.

As the district court recognized, Brooke was well qualified to testify on the standard of care for Texas pharmacists: He had been a pharmacist for forty years and had significant experience running his own pharmacies, working as a state compliance officer, and teaching at a pharmacy college. The court excluded his testimony because it decided that his methodology—which encompassed, in part, reference to state pharmacy laws and regulations—was unreliable. Specifically, the court reasoned that nothing in the regulations definitively authorizes a pharmacist to provide a 72-hour emergency supply for an

---

[3] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc); *see also Brown*, 705 F.3d at 535.

[4] *See also Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005); FED. R. EVID. 702(a).

original prescription, and it concluded that doing so would actually violate Texas law.

But the district court's reliance on the statutory and regulatory provisions was misplaced because resolving the state-law question is unnecessary to evaluate whether Brooke's opinion is reliable. Even if Brooke's opinion that the pharmacist legally could have filled the emergency supply is an incorrect interpretation of Texas law, that does not render it unreliable in light of his qualifications, experience, and foundation for the opinion.[5]

Brooke's opinion is based on more than specific provisions of the Texas Health and Safety Code, and his professional experience with pharmacy practice and compliance—as well as his review of the specific records in this case—also bears on reliability. Establishing a medical standard of care requires an expert to opine on what decisions a reasonably prudent professional in the relevant community could have made regarding the medical issue. *Corp. Health Ins., Inc. v. Tex. Dept. of Ins.*, 220 F.3d 641, 645 (5th Cir. 2000). That makes an expert opinion on the standard of care qualitatively different from, say, an opinion on whether a tire's design causes blowouts. *See Kumho Tire*, 526 U.S. at 143–44. The *Daubert* factors[6] do not apply as readily to the former, so courts must consider other factors when determining admissibility, such as whether the expert has enough education and relevant experience to reach a reliable

---

[5] *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) ("The proponent need not prove to the judge that the expert's testimony is correct, but . . . that the testimony is reliable."); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 585 (5th Cir. 2003) ("The party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct."); *see also Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1097 (9th Cir. 1998) ("An expert witness may be qualified to the testify even though the expert's conclusions are legally incorrect.").

[6] *See Daubert*, 509 U.S. at 593–94.

opinion.[7]

Brooke's written expert opinions show that he did have a sufficiently reliable basis to assert that the standard of care called for Wal-Mart's pharmacist to provide a 72-hour emergency supply of Kovaly's prescriptions while attempting to contact the doctor. Brooke based that opinion on his background and understanding of pharmacy practice in Texas and on state regulations that call on pharmacists to exercise professional judgment. The standard of care for Texas pharmacists is not governed by statute but is the standard of how a "reasonably prudent pharmacist would have acted." *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 467 (Tex. App.—Austin 2000, pet. denied).[8]

Brooke specifically analyzed how the various regulations overlap and how the history of the regulations led to the codification of particular exceptions but not others. He explained that his opinion was based not only on the regulations but also on their history, accepted practice, and pharmacist training. As a result, the court should not have excluded the expert testimony as unreliable under Rule 702.

That dooms the summary judgment, which followed logically from the evidentiary ruling. Brooke's expert testimony, once admitted, creates a material fact issue in dispute with Wal-Mart's expert as to the relevant standard of care and whether Wal-Mart had breached that standard and proximately

---

[7] *Pipitone*, 288 F.3d at 247; *see also Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1336 (11th Cir. 2010); *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 982 (6th Cir. 2004); *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 406–07 (3d Cir. 2003).

[8] *See also Morgan*, 30 S.W.3d at 467 ("[A]dministrative rules demonstrate that pharmacists in Texas are trusted professionals with varied and important responsibilities [but] they cannot be reasonably read to impose a legal duty [on pharmacists]."); *CVS Pharmacy, Inc. v. Ballard*, No. 01-12-00253-CV, 2012 WL 4742652, at *4 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op.) (holding that strict adherence to the relevant statues and adherence to the proper standard of care were not synonymous).

caused Kovaly's injuries. The fact that Brooke's testimony passes muster for trial does not mean, however, that his view will necessarily prevail, but only that it must be considered along with all other evidence to be presented by the two sides.

The summary judgment is REVERSED and REMANDED for further proceedings as needed. We express no view on what rulings the district court should issue on remand.